UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH BRASWELL AND
OTHERS SIMILARLY SITUATED                                                           PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:24-CV-429-HTW-ASH

PELICAN COVE GRILL, LLC                                                              DEFENDANT

ORDER

This employment-discrimination case is before the Court on four opposed motions: Plaintiff Joseph Braswell's motion to extend the deadlines to amend the complaint, join parties, and move for class certification [34]; his motion to compel [36]; and Defendant Pelican Cove Grill, LLC's two motions for protective orders [41, 49]. For the reasons that follow, Braswell's motions [34, 36] are granted to the extent discussed herein, and Pelican Cove's motions [41, 49] are also granted in part.

I.      Facts and Procedural History

Beginning in November 2022, Braswell worked mainly as a food runner for Pelican Cove, a restaurant in Madison County, Mississippi. He "wanted to work as a server" but was told Pelican Cove's owner preferred women in server roles. Compl. [1] ¶ 22. Braswell says he was constructively discharged from his employment at Pelican Cove on July 1, 2023. He filed this lawsuit on behalf of himself and "similarly situated men . . . who have applied for or otherwise sought work or shifts as servers" at Pelican Cove. *Id.* ¶ 3. He alleges that Pelican Cove discriminated against him and putative class members by "creating a hostile work environment, denying work or shifts as servers, failing to hire men in serving roles, and firing or constructively discharging men that would work as servers." *Id.* ¶ 44.

On October 8, 2024, Braswell first filed a Rule 30(b)(6) notice to depose Pelican Cove. Notice [11]. That notice scheduled the deposition for "January 28, 2024," which was an apparent typographical error as to the year, and contained 52 topics on which Braswell sought Pelican Cove's testimony. That same day, Braswell's counsel emailed Pelican Cove's counsel regarding the notice:

> if you have any comments or concerns on the topics let me know so we can discuss those also. You will observe that I picked a somewhat random date about four months in the future for the notice. I'm not trying to set anything inconvenient and I'll be more than happy to reset that date for any earlier time we both have available. In fact, I would very much prefer to reset that deposition for an earlier time. My goal is to take it as soon as possible after written discovery responses are received, i.e., sometime around two months from now. Let me know what you and the client have available.

Oct. 2024 Correspondence [52-1] at 4. Pelican Cove's counsel responded the next day, stating that she would "be lodging [Pelican Cove's] objections for many reasons," objecting to the date noticed as it "has passed," and stating that "[o]nce objections are resolved, and [Braswell] obtain[s] class certification," she would "look at [her] calendar." *Id.* at 2. Braswell filed an amended Rule 30(b)(6) notice on October 16. The amended notice set Pelican Cove's deposition for January 28, 2025. On October 17, 2024, Braswell also served interrogatories and requests for production on Pelican Cove.

The Court then held a case-management conference with the parties on October 30, 2024, and entered a case-management order setting these deadlines:

- motions for amended pleadings and joinder of parties and Braswell's motion for class certification due by December 16, 2024;

- Braswell's expert designations due by February 18, 2025;

- Pelican Cove's expert designations due by March 20, 2025;

- discovery due by May 20, 2025; and
- dispositive motions due by June 3, 2025.

CMO [21]. The CMO also set the case for an October 10, 2025 pretrial conference and a November 3, 2025 trial setting.

Although Pelican Cove's responses to Braswell's written discovery requests were due on or before November 18, 2024, Pelican Cove did not serve any responses until December 10, 2024, when it responded to the requests for production.[1] Because Braswell still lacked responses to his interrogatories, on December 17, 2024, Braswell moved for an extension of the deadline for motions to amend and join parties and for class certification. The Court granted that motion and set a February 4, 2025 deadline for those motions.

Braswell finally received Pelican Cove's interrogatory responses on February 4. That same day, he filed his second motion to extend the deadline for motions to amend and join parties and for class certification. The parties also communicated further about the 30(b)(6) deposition on February 4. Specifically, Pelican Cove's counsel explained that Pelican Cove "is willing to designate person(s) for a 30(b)(6)" but asserted that the topics in the notice were objectionable "because [Braswell] ha[s] not established or received a class certification, and [is] seeking very private information concerning folks who are not . . . part[ies] to this case and who may not even be affiliated with Pelican Cove any longer." Feb. 4, 2025 Correspondence [52-2] at 1. On February 10, 2025, Braswell's counsel reached out to Pelican Cove's counsel about "get[ting] the 30b6 for Pelican Cove . . . back on the calendar." Feb. 10, 2025 Correspondence

---

[1] The record reflects that Pelican Cove served documents on December 10, signed its responses to the requests for production on December 10, but inadvertently failed to serve the responses themselves until some later date. Based on the date they were signed, Braswell construes the responses as served on December 10 as well.

3

[52-3] at 1. The email listed dates Braswell's counsel was available and stated Braswell intended to "file the notice of deposition on Monday, February 17." *Id.* Pelican Cove's counsel failed to respond, so on February 17, 2025, Braswell filed another amended Rule 30(b)(6) notice setting Pelican Cove's deposition for March 19, 2025.

Returning to Pelican Cove's written discovery responses, following a February 11 discovery conference with the Court, Braswell moved to compel complete responses to five of his discovery requests. Pelican Cove responded to that motion and filed a motion for entry of a protective order to address its concerns that Braswell sought private information.

On March 14—nearly a month after Braswell filed the latest Rule 30(b)(6) notice and three business days before the scheduled deposition—Pelican Cove's counsel emailed Braswell's attorney that the deposition would not go forward as noticed. On March 17, Pelican Cove filed its second motion for protective order. On March 18, the Court entered an order reluctantly staying the deposition pending a ruling on the pending motions and directing expedited briefing on Pelican Cove's latest motion. Braswell filed a timely response, but Pelican Cove ignored the Court's order directing it to file a reply "on or before March 28, 2025." Order [50] at 2.

II.     Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). When a party believes discovery responses are deficient, "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1); *see Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received."). "The moving party bears the burden of showing that the

4

materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Walker v. Hunt*, No. 1:19-CV-246-LG-RPM, 2021 WL 12307483, at *2 (S.D. Miss. Jan. 4, 2021) (quoting *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010)) (cleaned up). If the moving party meets that burden, "the burden then shifts to the party resisting discovery to specifically show how each discovery request is not relevant or how each question is overly broad, burdensome[,] or oppressive." *Mills v. UPS Store, Inc.*, No. 3:19-CV-364-CWR-BWR, 2025 WL 525117, at *2 (S.D. Miss. Feb. 18, 2025).

III.   Analysis

    A.   Procedural Defects

The Court first notes that Pelican Cove's discovery motions (1) fail to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" as required by Federal Rule of Civil Procedure 37(a)(1) and (2) omit the good faith certificate required by Local Rule 37(a). Braswell addresses his good-faith efforts in his motion, Mot. [36] at 2–4, but he fails to attach the good faith certificate required by the local rules. He asks to be excused from this requirement but cites no authority supporting this request.

Making the Rule 37 certification and attaching a good faith certificate is not optional, and the obligations are not satisfied by conducting a meet-and-confer between counsel or a discovery conference with the Court. They are "mandatory prerequisite[s]." *Mills*, 2025 WL 525117, at *6. "Th[ese] prerequisite[s are] not an empty formality." *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001). As to Braswell's request to be released from the requirements, the Court declines this request. The parties are directed to comply with these rules for any future discovery

motions. Future non-compliance may result in the denial without prejudice of a party's discovery motion. L.U. Civ. R. 37(c).

B. Braswell's Motion to Compel

In his motion to compel, Braswell asks the Court to essentially strike Pelican Cove's general objections to his interrogatories and to compel responses to interrogatories 3, 4, and 20, and requests for production 3 and 10. The Court will first address the general objections and then discuss each discovery request in turn.

1. General Objections

Pelican Cove purported to incorporate five general objections "into each of [its] specific Objections and Responses to Plaintiff's Interrogatories." Discovery Responses [36-4] at 2. Braswell asks the Court to overrule these general objections. Mot. [36] at 4–5.[2] In its response to Braswell's motion to compel addressing the propriety of these general objections, Pelican Cove never directly addresses them. It has thus arguably waived any argument in support of its general objections. *See JMCB, LLC v. Board of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court." (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003))). Moreover, on the merits, the general objections are not permissible under the Federal Rules of Civil Procedure. *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); Fed. R.

---

[2] Braswell's motion quotes only Pelican Cove's general objections to his interrogatories. Mot. [36] at 4–5. But his brief also cites Rule 34, which is applicable to requests for production of documents. There is some ambiguity over the scope of the relief Braswell seeks. Because the motion only references the general objections to the interrogatories, the Court limits its analysis to those. That being said, the Court observes that Rule 34 similarly prohibits the use of general objections. Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").

Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Braswell's motion to compel is granted as to the general objections; any information responsive to the interrogatories that Pelican Cove has withheld under the auspices of one of these objections must be provided.

        2.      Interrogatory No. 3

Interrogatory No. 3 asks Pelican Cove to identify everyone it employed from November 2022 through June 2023 and to "list each person's name, job title (and the dates of any changes, i.e. hiring, promoting, leaving), sex, phone numbers, emails, and addresses." Discovery Responses [36-4] at 3. Pelican Cove refused to answer the interrogatory, explaining that it "seeks private information related to persons not related to this lawsuit" and arguing that it is "overly broad, invasive and harassing and seeks information best known by Braswell." *Id.*

As noted by Braswell, Pelican Cove served its interrogatory responses more than two months too late. So under Rule 33(b)(4), Pelican Cove's objections are "waived unless the court, for good cause, excuses" the untimeliness. In assessing whether good cause exists for the failure to serve timely objections,

> courts examine the circumstances behind the failure to file a timely response to determine "whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance"; consider subsequent actions by the party to ascertain whether "it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner"; and take into account any resulting prejudice and the need to preserve the integrity of the rules; and may consider any lesser appropriate sanction.

*RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. H-07-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008) (quoting *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001)).

With these parameters in mind, the Court finds this is the highly unusual case in which a party has shown good cause for a significant delay in serving discovery responses. Around the time responses to the interrogatories were due, "in mid-November, [Pelican Cove's counsel's] sister went missing in North Carolina and was eventually found deceased on December 2, 2024." Def. Resp. [43] at 8. Then, counsel had surgery in January 2025, further delaying her ability to provide responses. While these extenuating circumstances do not excuse Pelican Cove's dilatoriness, they are sufficient under these circumstances to avoid a waiver. Indeed, the record does not demonstrate that counsel or Pelican Cove acted in bad faith, and any prejudice can be ameliorated by a final extension of the deadline for motions to amend and join parties and for class certification. The Court thus excuses Pelican Cove's failure to serve timely objections.

Braswell has met his burden to establish that the information sought by Interrogatory No. 3 is discoverable.[3] In opposing Braswell's motion, Pelican Cove too narrowly construes his claims, saying that the Complaint is "limited to <u>one</u> allegation[:] that Pelican Cove discriminates against men from being servers." Def. Resp. [43] at 4. The Complaint, however, purports to raise claims on behalf of "men who have applied for *or otherwise sought work or shifts as* servers." Compl. [1] ¶ 3 (emphasis added); *see also id.* ¶ 34 (alleging on information and belief that "other men have sought jobs *or shifts* as servers and have also been turned down because of their sex"). A list of all the people Pelican Cove employed during Braswell's tenure there—identifying their sex and their job title—meets Rule 26's relevancy and proportionality requirements. *See Stevens*

---

[3] A large portion of Pelican Cove's response focuses on the merits of Braswell's lawsuit itself. *E.g.*, Def. Resp. [43] at 3 ("If Braswell was passed over for an available server shift, it was because of poor performance, customer complaints, blatant insubordination and or importantly, because he was not hired as a server."). But the question before the Court is simply whether the requests are permissible under the discovery rules. Much of Pelican Cove's brief fails to address this.

*v. Flagstar Bank, Nat'l Ass'n*, No. 1:24-CV-94-HSO-MTP, 2025 WL 374942, at *2 (S.D. Miss. Feb. 3, 2025) ("At the discovery stage, relevancy is broadly construed, and information is considered relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))); Fed. R. Civ. P. 26(b)(1) (defining proportionality in terms of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

And Pelican Cove has not shown that the interrogatory impermissibly seeks private information, nor has it demonstrated (as opposed to merely asserting) that the interrogatory is overly broad or unduly burdensome. Any privacy concerns can be alleviated by an appropriate protective order. Braswell's request is limited to the period during which he worked at Pelican Cove. It should not be too difficult for Pelican Cove to create a list of all employees during that period. Braswell's motion to compel is granted as to Interrogatory No. 3.

        3.    Interrogatory No. 4

Interrogatory No. 4 seeks a slightly different data set than information responsive to Interrogatory No. 3: a list of every person who "has worked as a server at the restaurant from January 2022 through the end of June 2023," including their name, sex, job titles, and the dates of their employment and any changes in job title. Discovery Responses [36-4] at 3. Pelican Cove again refused to answer, saying the interrogatory "seeks private information related to persons not related to this lawsuit" and asserting it is "overly broad, invasive and harassing and seeks information Braswell knows or should know based on [his] filed complaint." *Id.*

For the same reasons discussed above, Braswell has shown Interrogatory No. 4 seeks discoverable information. And while the temporal scope of this interrogatory is broader than the previous one, it still seeks a list of specific employees for a mere 18-month period. Pelican Cove has not justified its objections to the request. The motion to compel is granted as to Interrogatory No. 4.

    4.    Interrogatory No. 20

Interrogatory No. 20 asked Pelican Cove to identify "all persons that applied for jobs or were hired at the restaurant, including their contact information, date of application, and whether and for what job they were hired." Discovery Responses [36-4] at 8. Pelican Cove again refused to answer:

> such interrogatory is a complete invasion of private information concerning persons not involved in this frivolous lawsuit. This interrogatory is further unlimited by time[ or] scope, overly burdensome, harassing, and overbroad. Further, job opportunities are fluid, as Braswell knows, an applicant may apply for and be hired for one job and then be given an opportunity to work a different job or not hired at all.

*Id.* Pelican Cove is correct that the interrogatory is objectionable insofar as it is not limited in time. Braswell addresses this in his motion, agreeing to limit the request to a two-year period from January 2021 through December 2023. The Court concludes that Braswell's request is still for too broad a time frame and limits it to the period from January 2022 through June 2023. With this limitation, for the reasons set forth as to Interrogatory No. 3, the Court finds Braswell is entitled to a response to this interrogatory. The motion to compel is granted as to Interrogatory No. 20 as limited herein.

    5.    Request for Production No. 3

In Request for Production No. 3, Braswell seeks production of "information concerning the work performed and pay received (including tips) for employees working as servers,

bartenders, food runners, hosts, and other similar food service positions from January 2022 through the end of June 2023," including "each shift assigned to each employee, the pay received on that shift, and the sex of the employee at issue." Discovery Responses [36-4] at 11–12. Pelican Cove objects to the request "as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, seeking private and personal information, including financial information, on persons not involved in this dispute." *Id.* at 12.

For all the reasons articulated above as to the interrogatories, the information sought by Request for Production No. 3 is generally discoverable, and Pelican Cove has not shown that the request is not overbroad or unduly burdensome. That said, the Court questions whether information disclosing exactly which employee earned what pay is proportional to the needs of the case. Anonymized data regarding pay earned by employees during the requested period, where the employees are identified by sex only, should provide the information Braswell needs to prosecute his claim. The Court thus grants the motion to compel as to this request but authorizes Pelican Cove to produce data anonymized as to employees' identities.

      6.      Request for Production No. 10

Finally, Request for Production No. 10 asks Pelican Cove to produce "the complete application packages of all applicants for any servers, bartenders, food runners, hosts, and other similar food service positions from 2021 to the end of 2023" as well as "any documents or correspondence involved with or used in assessing and selecting from among the applicants." *Id.* at 13–14. Pelican Cove objects that the request is "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," and that it "seeks private and personal information on persons not involved in this dispute." *Id.* at 14. In response to Pelican Cove's objections, Braswell agrees to "redactions o[f] social security [numbers],

11

birthdate[s,] and bank account numbers." *Id.* at 9. With this concession, and as with the other requests at issue, Braswell has shown the information sought is discoverable.[4] But the Court agrees that the temporal scope of the request is too broad; production of applications submitted between January 2022 and June 2023 should be sufficient.[5] Pelican Cove has not otherwise shown the request is objectionable. The motion to compel is granted as to Request for Production No. 10 as limited by this Order.

    C.    Pelican Cove's First Motion for Protective Order

The parties are generally amenable to entry of a protective order. But they differ as to what it should contain. At the February 7, 2025 discovery conference, the Court directed the parties to collaborate and file a joint motion for protective order. They failed to do so, and it is unclear on the record before the Court that the parties exhausted their efforts to come to an agreement on the terms of a protective order. Nevertheless, the Court has edited the proposed protective order Pelican Cove submitted to address the issues raised in Braswell's response and will enter it. Pelican Cove's motion is therefore granted in part.

    D.    Pelican Cove's Second Motion for Protective Order

Although Pelican Cove's email correspondence with Braswell's attorney indicates it objects to some topics included in the Rule 30(b)(6) deposition notice, its motion never addresses them. Instead, Pelican Cove vaguely states that "many" of the 52 topics in the notice "are

---

[4] According to Braswell, upon production of these documents, he will be able to compare a list of people who applied at Pelican Cove with a list of those employed during his tenure there to identify any males who applied but were not hired.

[3] The request references "application packages," but it's not clear what precisely Braswell means by that term. Pelican Cove attached to its response to the motion to compel Braswell's two-page employment application. Production of that form of all employment applications submitted during the limited time frame should give Braswell the information he seeks.

12

encompassed in the pending disputed motions." Mot. [49] ¶ 6. Assuming Pelican Cove has not waived its objections to topics first included in a notice in October 2024, the Court is not inclined to guess which topics corresponds to Pelican Cove's objections to Braswell's written discovery requests.[6] So that leaves the timing of the deposition. The Court has already effectively granted Pelican Cove's motion to the extent that the deposition did not go forward on March 19. Within seven days of the entry of this Order, Pelican Cove shall provide Braswell with at least five firm dates between now and May 2 for Pelican Cove's deposition. Braswell must choose between those dates and re-file his deposition notice.

E.   Deadline to Move to Amend and Join Parties and for Class Certification

Given the ruling on the motion to compel, it makes sense to give Braswell a final extension of the deadline to move to amend and join parties and for class certification. And assuming good-faith compliance with this Order, an extension can be granted without impacting any of the other deadlines.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Braswell's motion to extend certain deadlines [34] is granted; his motion to compel [36] is granted to the extent stated herein; and Pelican Cove's motions for protective orders [41, 49] are granted in part as stated herein.

Within seven days of the entry of this order, Pelican Cove shall provide Braswell with at least five firm dates for Pelican Cove's Rule 30(b)(6) deposition between now and May 2, 2025.

---

[6] Rule 30(b)(6) states that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." If Pelican Cove wishes to pursue long overdue good-faith discussions with Braswell about the topics, the Court encourages it to do so.

13

Pelican Cove's supplemental discovery responses, as ordered herein, shall be served within seven days of the entry of this order. Motions to amend or join parties and Braswell's motion for class certification are due no later than 21 days after Pelican Cove serves its supplemental discovery responses.

      **SO ORDERED AND ADJUDGED** this the 2nd day of April, 2025.

                                    s/ *Andrew S. Harris*
                                    UNITED STATES MAGISTRATE JUDGE