UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH BRASWELL AND
OTHERS SIMILARLY SITUATED                                                                   PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:24-CV-429-HTW-ASH

PELICAN COVE GRILL, LLC                                                                       DEFENDANT

ORDER

Defendant Pelican Cove Grill, LLC, asks the Court to require Plaintiff Joseph Braswell to re-file, with appropriate redactions, an exhibit he filed in support of his response to Pelican Cove's motion for summary judgment, to sanction him for filing it in the public docket, and for other relief. As explained below, the Court denies Pelican Cove's motions [92, 94] except to the extent that Braswell will be ordered to partially redact and refile his exhibit consistent with this order.

I.      Facts and Procedural History

Beginning in November 2022, Braswell worked mainly as a food runner for Pelican Cove, a restaurant in Madison County, Mississippi. He "wanted to work as a server" but was told Pelican Cove's owner preferred women in server roles. Compl. [1] ¶ 22. He says he was later constructively discharged from his employment at Pelican Cove on July 1, 2023. On July 22, 2024, Braswell filed this lawsuit on behalf of himself and "similarly situated men . . . who have applied for or otherwise sought work or shifts as servers" at Pelican Cove. *Id.* ¶ 3.[1]

---

[1] Braswell's proposed first amended complaint drops the class allegations but adds employment-discrimination claims by another former Pelican Cove employee, Josuah Stambaugh. Proposed First Am. Compl. [60-1]. The motion to amend remains pending.

Some disputes arose during discovery. Relevant here, Braswell's Request for Production No. 10 asked Pelican Cove to produce "the complete application packages of all applicants for any servers, bartenders, food runners, hosts, and other similar food service positions from 2021 to the end of 2023" as well as "any documents or correspondence involved with or used in assessing and selecting from among the applicants." Discovery Responses [36-4] at 13–14. Pelican Cove objected to the request, and "[i]n response to Pelican Cove's objections, Braswell agree[d] to redactions o[f] social security [numbers], birthdate[s,] and bank account numbers." Order [54] at 11–12. In an April 2, 2025 Order, the Court concluded that, "[w]ith this concession . . . Braswell has shown that the information sought is discoverable" and directed Pelican Cove to produce applications "submitted between January 2022 and June 2023." *Id.* at 12.

Also on April 2, 2025, the Court entered a Protective Order [55]. That order designated "[a]ny and all payroll records, applications, and private information of employees" Confidential Material and explained that "[b]efore filing Confidential Material in the docket, the party intended to file it must give notice to the opposite party and an opportunity to file a motion for leave to seal or restrict access to the Confidential Material." Protective Order [55] ¶¶ 2, 9.

On June 3, 2025, the parties filed cross motions for summary judgment. Responses to those motions were due on June 17, 2025. At 11:59 p.m. on June 17, 2025, Braswell filed a motion seeking a 24-hour extension "to file a redacted exhibit" because "[w]hen on the point of filing Exhibit 5 of [his response in opposition to Pelican Cove's motion] counsel for the Plaintiff discovered that the redactions applied to the exhibit by the Defendant in discovery were not uniform, and that a number of unredacted social security numbers remain on the file." Mot. [89] ¶ 2. Braswell represented that he sought "one more day to double check and redact the exhibit." *Id.* ¶ 3. The following day, Pelican Cove filed a response in opposition to the motion for

2

extension, and at 9:03 p.m., without waiting for a ruling on his motion for extension and having made "201 redactions that Defendant had overlooked," Braswell filed Exhibit 5 to his response to Pelican Cove's summary-judgment motion. Resp. [105] at 3 (emphasis removed).

The following business day,[2] Pelican Cove filed two motions: a Motion to Show Cause for Plaintiff's Willful Contempt and Violation of this Court's Protective Order [92] and an Emergency Motion to Strike and Seal Plaintiff's Filing [94]. The Court directed the Clerk of Court to temporarily place Braswell's Exhibit 5 [91] under restricted status and ordered Pelican Cove to file a supplemental brief in support of its motions, with expedited briefing to follow. The briefing on the motions is now complete.

II.     Analysis

In its initial motions, Pelican Cove asked the Court to strike Exhibit 5 "for all purposes in this litigation," Mot. [92] ¶ 11, to hold in contempt[3] and sanction Braswell and his counsel for violating the Protective Order, to award it attorney's fees and costs, and to permanently seal Exhibit 5. It refined its requests in its supplemental brief, asserting that applicants' names, home addresses, dates of birth, telephone numbers, and social security numbers should be sealed or redacted; that copies of applicants' birth certificates, driver's licenses, social security cards, and W-4 forms should be stricken or sealed permanently; that application materials from individuals who neither applied for nor were hired as servers should be stricken or sealed permanently; and that the Court should award attorney's fees and costs incurred in filing the motions.

---

[2] June 19 was the federal Juneteenth holiday.

[3] "[A] magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999).

The Court starts with whether Braswell violated the Protective Order such that he or his attorney should be held in contempt or otherwise sanctioned. Pelican Cove says Braswell violated paragraphs 4, 6, 7, and 9 of the Protective Order:

> 4. All information and documents deemed Confidential Material shall be used solely in connection with pre-trial proceedings, preparation for trial, appeal, or other proceedings in this litigation only, and not for any other purpose. Confidential Material shall not be divulged or disclosed to anyone or to any entity other than Qualified Persons (as defined in Paragraph 5 of this Order).
>
> . . . .
>
> 6. The parties and all counsel to this action shall keep all Confidential Material confidential, and under no circumstances will provide, publish, or communicate the Confidential Material in any manner or medium to anyone other than Qualified Persons. The parties and all counsel to this action agree and attest to their understanding that if any party fails to abide by the terms of this Protective Order, they will be subject to sanctions, including sanctions by way of contempt of Court, imposed by the Court for such a failure. It is understood and agreed that the Producing Party may be entitled to request reasonable attorneys' fees incurred in pursuing its remedies for such breach.
>
> 7. If counsel for any party desires to provide Confidential Material to anyone other than Qualified Persons, (who are referred to in this document as "Additional Person(s)"), then the counsel desiring such production shall provide counsel for the Producing Party with seven (7) business days prior notice of (1) their intent to provide such Confidential Material to the Additional Person(s), (b) the name, address and telephone number of the Additional Person(s), and (c) a copy of an executed Acknowledgement, attached hereto, that has been executed by the Additional Person(s). If counsel for the Producing Party files and serves an objection with the Court within that seven (7) day period, then such Confidential Material shall not be disclosed to the Additional Person(s) unless and until authorized by the Court.
>
> . . . .
>
> 9. Before filing Confidential Material in the docket, the party intending to file it must give notice to the opposite party and an opportunity to file a motion for leave to seal or restrict access to the

> Confidential Material. This Order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. Civ. R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. Civ. R. 79.

Protective Order [55]. In particular, Pelican Cove argues that, when Braswell filed Exhibit 5 on the docket, he was essentially providing it to Additional Persons under paragraph 7 such that he had to give Pelican Cove seven days' notice of his intent to do so. But paragraph 9 directly and specifically addresses filing Confidential Material on the docket, so it controls, and it does not require seven days' notice. It *does* require notice and an opportunity to file a motion to seal or restrict before filing, and Braswell says he complied when he filed his motion for extension of time to file Exhibit 5 and identified it by Bates numbers in his memorandum in opposition to Pelican Cove's summary-judgment motion. Mot. [89]; Mem. [88] at 4.

While the apparent primary purpose of Braswell's motion for time was not to notify Pelican Cove of his intent to file Confidential Material, it nevertheless served that function. And in the time between the filing of the motion for time and the time Braswell ultimately filed Exhibit 5, Pelican Cove filed a response in opposition to the motion for time, indicating that it had, but failed to avail itself of, an opportunity to move to have Exhibit 5 filed under seal or under restricted status. Could Braswell have handled his effort to file Exhibit 5 consistent with the Protective Order better? Certainly. Has Pelican Cove shown that Braswell violated the terms of that Order by giving it less than 24 hours' notice before filing it under these circumstances? The Court concludes it has not. It therefore declines to certify to the district judge any facts constituting civil contempt or to award sanctions based on violation of the Protective Order. 28 U.S.C. § 636(e)(6)(B)(iii).

The remaining question is what to do with Exhibit 5. Whether the district judge will consider it timely filed in the first instance is a question for another day. Similarly, the question of whether applications from third parties Pelican Cove describes as not similarly situated to Braswell are relevant is not properly before the Court.[4] For now, the undersigned will address Pelican Cove's privacy concerns and direct Braswell to refile Exhibit 5 consistent with the rulings below.

Federal Rule of Civil Procedure 5.2(a) requires a party wishing to submit a filing "that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number" to redact the filing so that it "include[s] only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Braswell is directed to carefully go through Exhibit 5 to ensure all such information is redacted in accordance with Rule 5.2(a).

Whether to sanction Braswell for violating Rule 5.2 presents a close call. Setting aside the parties' arguments about notice under the Protective Order, Braswell clearly violated Rule 5.2 by filing an exhibit containing unredacted Social Security numbers and birthdates. And Braswell did this after he was on notice that Pelican Cove had not redacted all of the information before producing the document. Braswell attributes the error to oversight: the document was voluminous and omitted redactions unintentional. Nonetheless, Braswell knew the redactions were required and that the document lacked sufficient redactions. Filing the document without proper redactions is a serious matter and the error reflects a lack of responsibility. That being

---

[4] The district judge will decide what evidence is relevant to and appropriate in the consideration of the summary-judgment motions.

said, the Court declines to impose sanctions because the document was promptly sealed, and this order will remedy the violations. *Arismendy v. United States Comm'r of Internal Revenue*, No. CV H-17-938, 2018 WL 1122482, at *2 (S.D. Tex. Mar. 1, 2018) (declining to award sanctions for violation of Rule 5.2 where documents were promptly sealed). The Court does, however, caution Braswell's counsel: future violations in this case or others will receive less leniency.

As to the other information Pelican Cove wants redacted, Braswell "does not object to redacting" "[a]ddresses, phone numbers, driver's license numbers and W-4s." Resp. [105] at 4. Braswell doesn't separately address Pelican Cove's request to redact birth certificates, but lack of opposition to a request to seal alone does not justify an order sealing a document. Instead, the Court must assess whether sealing is appropriate under applicable law. Because "[t]he public's right of access to judicial proceedings is fundamental," "courts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). In assessing whether to permit the filing of portions of documents under seal, the Court "must undertake a . . . 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

Given the sensitive nature of the information sought to be sealed, its apparent immateriality to the dispositive issue, and the narrowness of redacting just the sensitive information, the Court finds the interests favoring nondisclosure outweigh the public's right of

access. The Court will direct Braswell to carefully go through Exhibit 5 to redact all addresses, phone numbers, driver's license numbers, W-4 forms, and birth certificates.[5]

That leaves only the names of the applicants contained in Exhibit 5. The sum total of Braswell's argument on them is that the "stricter standard" for filing things under seal "is plainly not met for names." Resp. [105] at 4. Though Braswell's argument is thin, the Court agrees with him that Pelican Cove has not met its burden to establish that applicants' names should be sealed or redacted under the "'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le*, 990 F.3d at 418 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

Pelican Cove cites *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC*, No. 4:16-CV-199-DMB-JMV, 2017 WL 564051 (N.D. Miss. Feb. 10, 2017), in support of its request to seal applicants' names. The case involved an exhibit filed in support of a motion to transfer venue that included "the names and addresses of approximately twenty-five individuals [the defendant] identified as 'charging parties,' a designation th[e c]ourt presume[d] refer[red] to individuals who filed EEOC charges against" the defendant. 2017 WL 564051, at *1. The court noted that "the public's interest in nondispositive matters is relatively low." *Id.* (quoting *360 Mortg. Grp. v. Bivona-Truman*, No. 1:14-CV-847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016)). In view of the diminished public interest in the nondispositive matter

---

[5] Braswell characterizes Exhibit 5 as Pelican Cove's new hire paperwork. The 338-page document Braswell filed appears to be an unabridged copy of what Pelican Cove produced. Braswell cites it only for the proposition that Pelican Cove hired 12 servers during the applicable time frame, all of whom were female. Resp. [88] at 4 & n.2. It is obvious many pages are irrelevant—*e.g.*, direct deposit authorizations, drug testing agreements, and copies of birth certificates, Social Security cards, and driver's licenses. In the future, Braswell should consider whether entire pages can be omitted from the exhibits he files. It will be easier for the district judge to navigate a shorter document that contains only truly pertinent information.

before the court, it concluded "that the interest in protecting the private information of these [non-party] individuals far outweighs the public's interest in the document" and allowed it to be filed under seal. *Id.* at *2.

In contrast to *Faurecia*, Braswell's Exhibit 5 is filed in response to Pelican Cove's summary-judgment motion—a dispositive matter. So the public interest in this case is higher than in *Faurecia*. Braswell has offered the applicants as potential comparators, and the names of comparators are routinely disclosed in Title VII cases. *See, e.g.*, *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 261 (5th Cir. 2009) (listing names of proffered comparators). The names of applicants contained in Exhibit 5 need not be redacted and should not be filed under seal.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Pelican Cove's motions [92, 94] are denied except to the extent that the originally filed copy of Exhibit 5 [91] shall remain filed under restricted status and Braswell shall file, within 7 days of this order, a copy of Exhibit 5 redacted as set forth in this order.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2025.

                                              s/ *Andrew S. Harris*
                                              UNITED STATES MAGISTRATE JUDGE