UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH BRASWELL                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:24-CV-429-HTW-ASH

PELICAN COVE GRILL, LLC                                          DEFENDANT

ORDER

Plaintiff Joseph Braswell asks the Court to disqualify attorney Donna M. Meehan from serving as counsel for Defendant Pelican Cove Grill, LLC, in this employment-discrimination case. Mot. [70]. As explained below, the motion is denied.

I.      Facts and Procedural History

Braswell filed this Title VII lawsuit on behalf of himself and a putative class of similarly situated individuals on July 22, 2024. Braswell alleges Pelican Cove, which hired him in November 2022 to work as a food runner, denied him the opportunity to work as a server because of his sex. Following several extensions, on April 2, 2025, the Court set a final deadline for Braswell to move to amend or join parties and to seek class certification. Order [54] at 14.[1] Braswell timely moved to amend on March 29, 2025, seeking to add Joshua Stambaugh—who "definitively engaged counsel to represent him individual in this matter" on April 25, 2025—as a plaintiff. Braswell did not timely move to certify a class under Federal Rule of Civil Procedure, thus abandoning the effort to pursue relief on behalf of a class. The motion to amend remains pending.

---

[1] Specifically, the Court ordered Pelican Cove to serve supplemental discovery responses within seven days of its April 2, 2025 Order; Braswell's deadline for any motions to amend, add parties, or certify a class would be due "no later than 21 days after Pelican Cove serves its supplemental discovery responses." Order [54] at 14.

On May 12, 2025, Pelican Cove's attorney, Donna M. Meehan, sent Stambaugh a Facebook friend request.[2] Meehan admits[3] that she searched for Stambaugh on Facebook to help Pelican Cove identify him so that they could "accurately respond to Plaintiff's motion." Meehan Decl. [76-5] ¶ 11. But she states under oath that any friend request she sent to him must have been "inadvertent, unintentional[,] and perhaps the result of making screen shots [of his profile] to send to Pelican Cove's staff in [an] effort[] to find out who Stambaugh was." *Id.* ¶ 13. As soon as she realized that she had inadvertently sent Stambaugh a friend request, she "immediately canceled the request . . . , which had not been 'accepted[]' or pursued." *Id.* ¶ 12. According to Meehan's sworn declaration, she did not send a message to Stambaugh and "no dialogue ever took place in any form with Stambaugh." *Id.* She claims "[t]here was absolutely no correspondence or communication between [Meehan] and Stambaugh concerning the present litigation, his employment at Pelican Cove, or any other matter." *Id.*

---

[2] The Supreme Court of New Jersey explained:

> Facebook is a social media platform on the internet that permits users to post and share information, including messages, articles, and other writings; photographs; and video recordings. Users can share information either with the general public or, by setting privacy restrictions, with a more limited audience, such as Facebook 'friends.' . . . A person becomes a Facebook 'friend' either by sending the user a 'friend' request that the user accepts by the click of a button, or by receiving a 'friend' request from the user that the person accepts by the click of a button.

*In re Robertelli*, 258 A.3d 1059 (N.J. 2021).

[3] Meehan at first denied sending Stambaugh a friend request when Plaintiff's counsel confronted her about it during the deposition of witness Terry Hester, even denying that she could have done so inadvertently. But Meehan was not under oath at Hester's deposition, and her sworn declaration about the circumstances giving rise to her inadvertent friend request is unrebutted.

Based on the friend request Meehan sent Stambaugh, Braswell moved on May 19, 2025, to disqualify Meehan from representing Pelican Cove. Pelican Cove responded in opposition, and Braswell filed a timely reply.

II.    Analysis

Braswell says Meehan violated Mississippi Rule of Professional Conduct 4.2 when she sent Stambaugh a friend request. The rule states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Miss. R. Pro. Conduct 4.2. In *Robertelli*, the New Jersey Supreme Court concluded that a lawyer sending a friend request to a represented party "does so for one purpose only: to secure information about the subject of the representation." 258 A.3d at 1073. It therefore found that such conduct would be prohibited by New Jersey's version of Rule 4.2, noting that its conclusion aligned with "the universal view adopted by jurisdictions that have addressed the issue." *Id.* at 1074.

*Robertelli* is distinguishable from this case. There, the attorney's paralegal found a personal injury claimant's Facebook page in her "general internet research" on him. *Id.* at 1065. While the claimant's Facebook profile was initially "open to the public," it later "turned private," so the paralegal sent the claimant a message on Facebook. *Id.* This ultimately led to the claimant sending the paralegal a friend request, giving her access to his "private Facebook page." *Id.* The Facebook interaction with an opposing party in *Robertelli* was therefore purposeful.

Here, by contrast, Meehan has stated under oath, subject to penalty of perjury, that she did not intentionally send Stambaugh a Facebook friend request. Once she realized she had done so, she immediately canceled the request. She was apparently able to cancel it because the

request, which Stambaugh had not accepted, remained pending. She never had access to Stambaugh's private Facebook page, and she never communicated with him. The Mississippi Supreme Court might conclude otherwise, but the undersigned is not convinced that Meehan improperly "communicate[d] about the subject of [her representation of Pelican Cove] with" Stambaugh. Miss. R. Pro. Conduct 4.2.

Even if the Court found Meehan violated Rule 4.2, it would not disqualify her from serving as Pelican Cove's counsel. "Disqualification of counsel . . . is an extreme and disfavored sanction . . . ." *Horner v. Rowan Cos., Inc.*, 153 F.R.D. 597, 602 (S.D. Tex. 1994), *quoted in Secherest v. City of Lexington*, No. 3:24-CV-34-TSL-MTP, 2025 WL 1558856, at *4 (S.D. Miss. June 2, 2025). "An attorney may be disqualified only when there is 'a reasonable possibility that some specifically identifiable impropriety' actually occurred and, in light of the interests underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his choice." *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979) (quoting *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 813 (5th Cir. 1976)). "[T]he movant bears the ultimate burden of proof" on a motion to disqualify, *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 398 (N.D. Tex. 2013), and "[t]he nature and extent of prejudice suffered or likely to be suffered in the future by the other parties is . . . a relevant consideration," *McCallum v. CSX Transp., Inc.*, 149 F.R.D. 104, 113 (M.D.N.C. 1993); *accord Landmark Am. Ins. Co. v. Gargoyle Mgmt., Inc.*, No. 5:24-CV-38, 2025 WL 576604, at *3 (N.D. Tex. Feb. 14, 2025) ("Even if a violation of the disciplinary rules is established, the party requesting disqualification must also show it will suffer prejudice if disqualification is not granted." (quoting *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019))).

Assuming Meehan inadvertently sending Stambaugh a friend request violated Rule 4.2, the Court cannot say that the social need for ethical practice outweighs Pelican Cove's right to counsel of its choice—at least not on these facts. This is particularly so given that Braswell (and Stambaugh) suffered no prejudice from the request. Stambaugh notified his attorney of the request and did not accept it. Meehan withdrew it as soon as she learned of it; she never had access to Stambaugh's private Facebook page; and she did not substantively communicate with Stambaugh over Facebook. Braswell has not met his burden of establishing Meehan's disqualification is necessary. *See Secherest*, 2025 WL 1558856, at *6 (finding arguable violation of Rule 4.2 but concluding that the violation "does not warrant the extraordinary sanction of disqualification").

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Braswell's motion to disqualify Meehan is denied. And because the Court is not convinced Meehan violated Rule 4.2, his request for "such [other] relief or . . . sanctions as [the Court] deems appropriate and proportional" is also denied. Pl. Mem. [71] at 4.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE